UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| CRAIG A. WALLACE | ) |
| | ) |
| Plaintiff, | ) Case: 5:23-cv-116-BJB |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES EAST, LIMITED PARTNERSHIP, | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Craig A. Wallace ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Wal-Mart Stores East, Limited Partnership ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and the Kentucky Civil Rights Act, KRS 344 *et seq*. ("KCRA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability under the ADA and the KCRA.

2. This lawsuit also arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*. and 29 U.S.C. § 2601 *et seq*.

4. Venue of this action properly lies in the Western District of Kentucky, Paducah

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. This Court has pendent jurisdiction and supplementary jurisdiction of Count II through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

7. A charge of employment discrimination on basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff Craig A. Wallace resided in Massac County, Illinois and employed in McCracken County, Kentucky.

10. At all times material to the allegations in this Complaint, Defendant, Wal-Mart Stores East, Limited Partnership was a limited partnership doing business in and for McCracken County whose address is 5130 Hinkleville Road, Paducah, KY 42001 and headquartered at 702 S.W. 8th Street, Bentonville, AK 72716.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry

affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

13. Plaintiff was employed by Defendant as an "employee" within the meaning of KRS 344.030(5).

14. During the applicable limitations period, Defendant has had at least fifteen employees and has been an "employer" engaged in an industry affecting commerce within the meaning of KRS 344.030(2).

15. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

16. At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

## BACKGROUND FACTS

17. Plaintiff began working for Defendant as an unloader on or around January 25, 2007.

18. As a unloader, Plaintiff's duties included, but were not limited to, the following:

- Stocking merchandise;
- Organize merchandise and work area;
- Enter and locate information on a computer system or communication device; and
- Other duties as needed.

19. Plaintiff met or exceeded Defendant's performance expectations for his job title throughout the course of his employment.

20. Plaintiff was qualified for his position and was known to develop, meet, and exceed performance standards for his job title.

21. In or around January 2023, Plaintiff applied for the Electronics Team Lead

position at Defendant's Hinkleville Road location.

22. The qualifications for the Electronics Team Lead position include:

- Excellent communication skills;
- Requisite knowledge of company policies and procedures;
- Ability to organize and prioritize completion of tasks; and
- Possess leadership skills to inspire and encourage team members.

23. There were approximately five openings for the position of Electronics Team Lead.

24. Plaintiff was qualified for this job position because he had nearly 17 years of experience within Defendant's particular location and therefore had extensive knowledge of the electronics department.

25. Plaintiff was further qualified because he had received positive feedback on his job performance from Defendant for the past 17 years of his employment with them.

26. Plaintiff is disabled as a result of a herniated disc and tarsal tunnel syndrome.

27. Plaintiff's herniated disc causes severe pain which radiates down through his back to his leg; Plaintiff's tarsal tunnel syndrome causes compression and squeezing on the posterior tibial nerve causing numbness and tingling at the base of his foot.

28. Plaintiff's disability affects his ability to care for himself, stand, lift, and motor-plan as a result of severe pain.

29. Regardless of Plaintiff's disability, he was able to perform the essential functions of his job with or without accommodation.

30. Plaintiff is a "qualified individual" as defined under the ADA.

31. Plaintiff has been granted an accommodation in the form of intermittent Family

Medical Leave Act ("FMLA") leave to care for his disability.

32. Plaintiff is still able to perform his job to satisfaction with his accommodation, therefore there is no undue burden to Defendant to promote Plaintiff to the position of Electronics Team Lead.

33. Plaintiff interviewed for the position in or around that same month, January 2023 with Coach Jake (LNU, non-disabled).

34. After the interview, Coach Jake informed Plaintiff that "due to your intermittent FMLA and your health issues, I cannot put you in that role."

35. Plaintiff was shocked and confused, as his disability had never negatively impacted his job performance or reviews.

36. Plaintiff, hurt that he had been passed up for a promotion that he was qualified for, engaged in protected activity and reported Coach Jake to Defendant's Ethics Committee.

37. Further, Defendant's actions constitute FMLA retaliation because, prior to Plaintiff exercising his rights under the FMLA and taking leave, he received positive feedback and was qualified for the position of Electronics Team Lead.

38. Upon information and belief, Ethics failed to investigate Plaintiff's report or take remedial measure to prevent further disparate treatment.

39. Ethics therefore endorsed the decision to deny Plaintiff a promotion he was qualified for.

40. This course of events has caused Plaintiff to experience extremely low self-esteem and anxiety surrounding his disability, as Plaintiff feels as though he has shown his worth to Defendant as a loyal employee for 17 years.

41. Effectively, despite his qualifications, Defendant failed to promote Plaintiff to the position of department manage on account of his disability.

42. Defendant also failed to promote Plaintiff as a result of him utilizing FMLA leave per his rights.

43. As a result of the foregoing, no non-discriminatory reason existed for why Defendant failed to promote Plaintiff to the position of department manager.

### COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

46. Plaintiff met or exceeded performance expectations.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Defendant took adverse employment actions against Plaintiff's on the basis of Plaintiff's disability.

49. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

50. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT II
### Violation of the Kentucky Civil Rights Act, KRS 344 *et seq.*
### (Disability Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Kentucky Civil Rights Act, KRS 344 *et seq.* ("KCRA").

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Defendant took adverse employment actions against Plaintiff's on the basis of Plaintiff's disability.

58. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the Kentucky Civil Rights Act, KRS 344 *et seq.*

59. Plaintiff is a member of a protected class under the KCRA, due to Plaintiff's disability.

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
## Violation of the Family Medical Leave Act
## (FMLA Retaliation)

75. Plaintiff repeats and re-alleges paragraphs 1-43 as if fully stated herein.

76. Defendant failed to promote Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

77. Defendant failed to promote Plaintiff because he took FMLA leave as described above.

78. Specifically, Plaintiff utilized FMLA leave in order to care for his disability.

79. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

80. Defendant retaliated against Plaintiff by not promoting him on the basis of utilizing his FMLA leave.

81. Plaintiff's intermittent medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's failure to hire.

82. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment opportunities, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's

favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 24th day of August, 2023.

                                */s/ Chad W. Eisenback*
                                **CHAD W. EISENBACK, ESQ.**
                                IL Bar No.: 6340657
                                **SULAIMAN LAW GROUP LTD.**
                                2500 S. Highland Avenue, Suite 200
                                Lombard, Illinois 60148
                                Phone (331) 307 - 7632
                                Fax (630) 575 - 8188
                                ceisenback@sulaimanlaw.com
                                *Attorney for Plaintiff*